*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1564**

State of Minnesota,
Respondent,

vs.

Joshua Scott Leithe,
Appellant.

**Filed September 12, 2016
Affirmed
Halbrooks, Judge**

Hennepin County District Court
File No. 27-CR-15-3868

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Susan L. Segal, Minneapolis City Attorney, Heather P. Robertson, Assistant City Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sean M. McGuire, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Johnson, Judge; and Reilly, Judge.

## U N P U B L I S H E D   O P I N I O N

**HALBROOKS**, Judge

On appeal from his conviction of driving while impaired (presence of Schedule I or II controlled substance), appellant argues that the district court erred by denying his

motion to suppress evidence that was collected after his arrest because a custodial arrest was not authorized by Minn. R. Crim. P. 6.01. We affirm.

## FACTS

On the evening of June 3, 2014, a Minneapolis patrol officer observed a car with at least two people in it traveling at a very high rate of speed on Washington Avenue. The driver of the car, who was later identified as appellant Joshua Leithe, looked briefly at the officer as he sped by. The officer, who was in a marked squad car, turned around to follow the car, activating his lights and sirens. Based on his training and experience, the officer estimated that the car was traveling at approximately 100 miles per hour on a street with a speed limit of 30 miles per hour. The officer testified that the car stirred up sand and debris from the shoulder of the road as it dodged traffic. The car eventually stopped after turning and crossing a bridge over Interstate 94.

After backup arrived, the officers performed a felony stop, handcuffed both Leithe and his passenger, and placed Leithe in the back of a squad car. While talking to Leithe, the officer noted that he had bloodshot and watery eyes, slurred speech, smelled like alcohol, and was lethargic. The officer decided to arrest Leithe for reckless driving. Because Leithe reported that he had a pacemaker and was experiencing chest pain, he was evaluated by paramedics, who cleared him to be transported by the officer to the hospital, where he received medical care. At the hospital, Leithe was read the implied-consent advisory, attempted to contact his attorney, and agreed to submit to a urine test. The toxicology results revealed the presence of Schedule II narcotics and an alcohol concentration of 0.105.

The county declined to charge Leithe with felony fleeing a peace officer in a motor vehicle. The city charged Leithe with three misdemeanor counts: (1) fourth-degree driving while impaired (DWI), operating a motor vehicle under the influence of a Schedule I or II drug; (2) fourth-degree DWI, operating a motor vehicle while under the influence of a combination of alcohol or controlled substances; and (3) reckless or careless driving. A jury found Leithe guilty of counts 1 and 3 but not guilty of count 2, and the district court sentenced Leithe on count one to 90 days in jail and a fine. Leithe appeals.

## D E C I S I O N

Leithe argues that the district court erred by denying his pretrial motion to suppress the evidence obtained after his arrest because he was only charged with misdemeanors and a custodial arrest was therefore not authorized under Minn. R. Crim. P. 6.01. The state argues that Leithe failed to raise this issue to the district court and therefore cannot raise it on appeal.

We note at the outset that whether a custodial arrest is authorized under Minn. R. Crim. P. 6.01 is a separate question from whether an arrest is supported by probable cause. *State v. Varnado*, 582 N.W.2d 886, 892 (Minn. 1998) (differentiating between probable cause to arrest and authority under Minn. R. Crim. P. 6.01 to effect a custodial arrest). Here, at the *Rasmussen* hearing, Leithe's attorney stated that he was "challenging the stop of my client's car as well as the probable cause to arrest." The district court reiterated the two issues: "The first [issue] is whether there's reasonable articulable

suspicion for the stop, and the second is whether there was probable cause to arrest the defendant."

The district court denied the motion to suppress, finding that the stop was supported by reasonable, articulable suspicion and that the arrest was supported by probable cause that Leithe had committed the offense of reckless driving. The district court then inquired, "I believe that addresses the issues and argument raised by Counsel yesterday; am I correct?" Leithe's attorney responded, "I believe it does, Your Honor." We conclude based on this record that Leithe did not challenge his custodial arrest on the ground that it violated Minn. R. Crim. P. 6.01. "We do not decide issues which are not first addressed by the [district] court and are raised for the first time on appeal . . . ." *State v. Roby*, 463 N.W.2d 506, 508 (Minn. 1990) (quotation omitted). Because Leithe raises the issue for the first time on appeal, it is not properly before us.

Even if we were to reach the question, we would conclude that the custodial arrest complied with Minn. R. Crim. P. 6.01 because the officer had probable cause to arrest Leithe for the felony offense of fleeing a peace officer in a motor vehicle. *See* Minn. Stat. § 609.487, subd. 3 (2014). The limitations on custodial arrests in Minn. R. Crim. P. 6.01, subd. 1, do not apply if the police have probable cause to believe a person has committed a felony. *Compare* Minn. R. Crim. P. 6.01, subd. 1(a) (limiting the circumstances under which a custodial arrest is permissible for misdemeanor offenses), *with* Minn. R. Crim. P. 6.01, subd. 2 (authorizing custodial arrest for gross misdemeanor and felony offenses).

The probable-cause standard requires "something more than mere suspicion," but less evidence than is necessary for a conviction. *State v. Williams*, 794 N.W.2d 867, 871 (Minn. 2011). "Probable cause to arrest exists where the objective facts are such that under the circumstances a person of ordinary care and prudence would entertain an honest and strong suspicion that a crime has been committed." *State, Lake Minnetonka Conservation Dist. v. Horner*, 617 N.W.2d 789, 795 (Minn. 2000) (alteration omitted) (quotations omitted).

"Whoever by means of a motor vehicle flees or attempts to flee a peace officer who is acting in the lawful discharge of an official duty, and the perpetrator knows or should reasonably know the same to be a peace officer, is guilty of a felony . . . ." Minn. Stat. § 609.487, subd. 3. The definition of "flee" includes to increase speed or refuse to stop when signaled to do so. *Id.*, subd. 1 (2014).

Here, the record reflects that the arresting officer was in uniform and driving a marked squad car when Leithe sped by and looked at him. The officer immediately pursued Leithe with his emergency lights and sirens activated. Rather than stopping, Leithe continued at a very high rate of speed, dodging traffic. We are satisfied that a person of ordinary care and prudence would entertain an honest and strong suspicion that Leithe committed the crime of fleeing a peace officer in a motor vehicle. Because probable cause existed to arrest Leithe for this felony, a custodial arrest comported with the requirements of Minn. R. Crim. P. 6.01.

**Affirmed.**